UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donald Allen Reece,<br><br>    Petitioner<br>v.<br><br>Brian Williams,<br><br>    Respondent | Case No.: 2:20-cv-00960-JAD-VCF<br><br>**Order Granting Application to Proceed**<br>***In Forma Pauperis* and Dismissing Case**<br><br>[ECF Nos. 1, 3] |

Nevada State Prisoner Donald Allen Reece brings this petition for federal habeas relief under 28 U.S.C. § 2254 to challenge his state-court conviction and sentence for first-degree murder with the use of a deadly weapon.[1] Having reviewed this habeas petition under Rule 4 of the Rules Governing Section 2254, I find that it must be dismissed because it is an unauthorized successive petition and because Reece fails to state a viable habeas claim. So, although I grant Reece's request to proceed *in forma pauperis*, I dismiss this case and deny his motions for release.

**Background**

Reece has been in prison in Nevada since 1989, serving two consecutive sentences of ten years to life for first-degree murder with use of a deadly weapon.[2] This is not the first time that Reece has sought federal habeas relief for this conviction. His first habeas action in this court was filed in 2012 and challenged the same conviction and raised similar grounds.[3] The court dismissed that petition as untimely and unexhausted,[4] and Reece did not appeal. That history

---

[1] ECF No. 1.

[2] ECF No. 1-1 at 2.

[3] *Reece v. Baker*, No. 3:12-cv-00193-RCJ, 2013 WL 4710514 (D. Nev. Aug. 30, 2013).

[4] *Id*.

makes Reece's instant petition a second and successive one that he needed appellate court permission to file. Reece's failure to obtain that permission before filing this action requires this court to dismiss it.

**Analysis**

**A.     Reece's failure to ask the Ninth Circuit for permission to bring this second and successive petition requires dismissal.**

If a petitioner has previously filed an application for habeas relief under section 2254 that was denied on its merits, the district court cannot grant relief with respect to a claim that was presented in the prior application.[5] "[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and . . . a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."[6] The court also cannot grant relief on a claim that was not presented in the prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[7]

---

[5] 28 U.S.C. § 2244(b)(1).
[6] *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).
[7] 28 U.S.C. § 2244(b)(2).

Moreover, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court. Reece's 2012 federal petition was dismissed as untimely and unexhausted.[8] Because Reece failed to secure an order from the court of appeals authorizing this action as § 2244(b)(3) requires, this court lacks jurisdiction to consider this recent habeas petition.[9]

### B. This petition must be dismissed because it fails to state a cognizable federal habeas claim.

Even if this court were able to exercise jurisdiction over Reece's instant petition, this new action would still be dismissed because none of the three grounds in Reece's petition states a claim for which habeas relief may be granted.[10]

In **Ground One**, Reece alleges that the Nevada Parole Board has violated his constitutional rights by not recognizing that his sentence shows that the jury intended him to be released after serving 20 years. He further alleges that the Board "is not giving him proper parole considerations based on the severity of his crime."[11] He claims he is entitled to parole based on his "age, health conditions, and time already served."[12]

A state prisoner does not have a federal constitutional right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their

---

[8] *Reece v. Baker*, 2013 WL 4710514, at *3 ("The petition must be dismissed as untimely filed. . . . [it] is also subject to dismissal on the basis that petitioner has not exhausted his available state court remedies.").

[9] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

[10] *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.").

[11] *Id*. at 3.

[12] *Id*.

3

prisoners."[13] Because habeas relief is not available for errors of state law, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.[14] Federal due-process protection for such a state-created liberty interest is "minimal"; all that is required is that "the minimum procedures adequate for due-process protection of that interest" have been met.[15] The court's inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied.[16] This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole.[17] The Ninth Circuit has expressly acknowledged that substantive challenges to parole decisions are no longer cognizable in habeas.[18]

Reece does not allege in Ground One that he was denied a fair hearing or a statement of reasons for the parole board's decisions. Reece cites the Nevada Supreme Court's decision in *Anselmo v. Bisbee*[19] as support for his position. But the *Anselmo* court rejected the petitioner's argument that the Board's denial of parole violated the due-process clause.[20] Instead, the court granted relief on state-law grounds because the Board "infringed upon Anselmo's *statutory* right

---

[13] *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).

[14] *Id*.

[15] *Id*. at 220–21.

[16] *Id*.; *Miller v. Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision." (Emphasis in original.)).

[17] *Cooke*, 562 U.S. at 220.

[18] *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

[19] *Anselmo v. Bisbee*, 396 P.3d 848, 850 (Nev. 2017).

[20] *Anselmo*, 396 P.3d at 851.

to receive proper consideration for parole" by failing to follow its own internal guidelines.[21] Reece's Ground One thus does not state a claim for relief cognizable in a federal habeas proceeding.

In **Ground Two**, Reece claims that his life sentence for the deadly weapon enhancement violates the Eighth Amendment's protection against cruel and unusual punishment. He notes that the Nevada legislature modified the mandatory sentence enhancement statute in 2007. At the time of Reece's offense, Nev. Rev. Stat. § 193.165 provided that "any person who uses a firearm or other deadly weapon . . . in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for the crime." Since 2007, however, the statute has prescribed that the punishment be "imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 20 years."[22]

The Eighth Amendment generally requires a punishment to be proportionate to the crime.[23] The Supreme Court has held, however, that, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare."[24] "Reviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments

---

[21] *Id.* at 853 (emphasis added).

[22] Current version of Nev. Rev. Stat. § 193.165, effective July 1, 2007.

[23] *Solem v. Helm*, 463 U.S. 277, 285–86 (1983).

[24] *Id.* at 289–90 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals."[25]

Reece's consecutive ten-years-to-life sentence imposed as a deadly weapon enhancement falls short of implicating Eighth Amendment concerns.[26] Plus, Reece is not entitled to a lighter sentence by virtue of the 2007 amendment to the mandatory enhancement.[27] Even if he were, that would be a matter for the state court to decide.[28] Ground Two thus fails to state a cognizable claim for federal habeas relief.

In **Ground Three**, Reece alleges that he is entitled to habeas relief because he has a physical impairment that caused him to lose control of the murder weapon, resulting in the shooting death of his wife. Reece alleged the facts supporting this ground in his first state habeas proceeding more than 25 years ago.[29] There is no question, then, that this claim is plainly barred by the statute of limitations governing federal habeas proceedings.[30]

Because these defects cannot be cured by amendment, it would be futile to grant Reece leave to amend his petition. So I dismiss his petition without leave to amend.

---

[25] *Id.*

[26] *See United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001) (holding that mandatory consecutive sentences imposed by statute do not violate the Eighth Amendment and that, "as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds"); *see also Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) ("Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense . . ..").

[27] *See State v. Dist. Ct. (Pullin)*, 188 P.3d 1079 (Nev. 2008) (holding that 2007 amendments to Nev. Rev. Stat. § 193.165 do not apply to offenses committed before the effective date of the amendments).

[28] *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("[A] state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

[29] *Reece v. Baker*, 3:12-cv-00193-RCJ-WGC; ECF No. 20-3 at 2–3.

[30] 28 U.S.C. § 2244(d).

**C.    The Court denies Reece's motions to compel release [ECF Nos. 1-2, 3]**

Reece submitted a document styled as a "motion to compel" with his initial petition, then he filed a "motion to compel concerning dangerous conditions needing speedy release."[31] With these filings, Reece seeks immediate release due to health concerns related to the COVID-19 pandemic. In support of the motions, he reiterates many of the allegations contained in his habeas petition and adds that, because he is 65 years old with "underlying medical conditions," he would probably not survive if he contracted the virus.[32] He further alleges that a correctional officer at the prison in which he is housed has tested positive for the virus.[33]

"[W]hen the State takes a person into its custody and holds them there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."[34] For individuals who have been convicted of a crime, this duty arises under the Eighth Amendment and is violated upon a showing of "deliberate indifference to serious medical needs of prisoners."[35] To establish an Eighth Amendment violation "based on a failure to prevent harm, the inmate must [first] show that he is incarcerated under conditions posing a substantial risk of serious harm."[36] The second prong of the analysis is whether the prisoner has demonstrated that prison officials "have a 'sufficiently culpable state of mind,'" which in this case requires "'deliberate indifference' to inmate health or safety."[37]

---

[31] ECF No. 1-2; ECF No. 3.
[32] ECF No. 1-2 at 1.
[33] *Id*.
[34] *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).
[35] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
[36] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
[37] *Id*. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 302–03 (1991)).

Reece has not alleged facts that, if true, would satisfy these standards. First, he does not identify the underlying health condition that is placing him at risk other than to claim that it results "in labored breathing at times."[38] But even assuming that he is incarcerated under conditions posing a substantial risk of serious harm, he makes no allegation that would support the second prong of the Eighth Amendment analysis—i.e., that prison officials "know[ ] that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it."[39] Because Reece has failed to establish the violation of a federal right, this court cannot issue any orders that are narrowly drawn to correct such a violation.[40] His motions for release are therefore denied.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed *in forma pauperis* **[ECF No. 1] is GRANTED.**

IT IS FURTHER ORDERED the petition for writ of habeas corpus is DISMISSED with prejudice and without leave to amend, and a certificate of appealability is denied because jurists of reason would not find the court's dismissal of this action to be debatable or incorrect.

IT IS FURTHER ORDERED that Reece's motions seeking immediate release due to the coronavirus **[ECF Nos. 1-2 and 3] are DENIED.**

. . .

---

[38] ECF No. 3 at 1–2.

[39] *Id*. at 847.

[40] 18 U.S.C. § 3626(a)(1)(A) ("The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.").

IT IS FURTHER ORDERED that **the Clerk of Court is directed to:**

- FILE the petition (ECF No. 1-1) and accompanying motion (ECF No. 1-2);
- ENTER JUDGMENT accordingly; and
- CLOSE THIS CASE.

Dated: June 15, 2020

                                                  _____
                                                  U.S. District Judge Jennifer A. Dorsey